IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   10-cv-02207-CMA-MJW

SHAWN D.  ALLEN,

Plaintiff,

v.

N.  ALLEN,
C.  FLORY,
A.  COSNER,
K.  NORDELL,
A.  MEDINA,
K.  SOKOL, and
C.  TUTTLE,

Defendants.

---

**RECOMMENDATION ON
PLAINTIFF'S MOTION TO AMEND CLAIM FIVE AND ADD A DEFENDANT
(Docket No. 55)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case was referred to the undersigned pursuant to an Order Referring Case entered by Judge Christine M. Arguello on September 20, 2010. (Docket No. 7).

Plaintiff's Prisoner Complaint, which is brought pursuant to 42 U.S.C. § 1983, is quite verbose and is not a model pleading.  It contains five claims, four of which allege constitutional violations which occurred while the plaintiff was incarcerated at Limon Correctional Facility from July 2009 to January 2010.  The

fifth claim concerns an alleged constitutional violations by a legal assistant, defendant Tuttle, in May 2010 at San Carlos Correctional Facility ("SCCF").

Now before the court is the plaintiff's Motion to Amend Claim Five and Add a Defendant (Docket No. 55). Defendants have filed a Response (Docket No. 59). The court has considered the motion, the response thereto, the court's file, and applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings, conclusions of law, and recommendation that the motion be denied.

Plaintiff alleges the following in this pending motion. "Filis" was a legal assistant at "SCCF" as was defendant Tuttle who is named in Claim Five. The two worked together and were managed by CDOC Legal Manager defendant Nordell. Plaintiff seeks to supplement Claim Five to include a claim of denial of access to the court, asserting that the claim and the time of violation are identical to the claims in this action. Plaintiff contends that "[t]his would be better than filing a separate case against Filis when the claim is integral to this action." (Docket No. 55 at 1). Attached to plaintiff's motion is his proposed amendment to Claim Five which asserts "First Amendment. Access to the Courts. Deliberate Indifference." (Docket No. 55 at 2).

Plaintiff asserts the following in his proposed amendment. In March 2010 while at SCCF, a week before the deadline he had to file a notice of appeal in Civil Case No. 07-cv-01224-CMA-MJW, he submitted a request to Filis to have legal copies made, advising her of his deadline. Prior to that deadline, Filis stopped by, but rather than collect and copy the legal forms then, Filis stated, "I won't be able

to return copies to you for a week," noting she would be away working at the CDOC office in Colorado Springs. If Filis had taken the time that day to copy the documents, plaintiff would have mailed the notice of appeal and attachments to the court, but as a result of Filis's deliberate disregard of the deadline, the plaintiff's appeal was dismissed.[1] Plaintiff had sought $250,000 in that case, and now

---

[1]The court takes judicial notice of the docket of Civil Action No. 07-cv-01224-CMA-MJW. That docket includes the Order and Judgment entered on November 4, 2010, by the United States Court of Appeals for the Tenth Circuit. The court did dismiss the plaintiff's appeal because he did not timely file his notice of appeal. However, the court's ruling indicates that in response to the court's Order to Show Cause, plaintiff provided a reason for his untimeliness that differs from his claim here that he could not appeal timely due to the inability to have copies made. The court stated:

> . . . On February 18, 2010, the court issued an order adopting the recommendation of a magistrate judge to grant summary judgment to Schmutzler. The following day, February 19, the court entered a judgment dismissing the case against all defendants.
>
> On March 12, 2010, Allen filed with the district court a motion for a thirty-day extension of time to file a "'motion for reconsideration,'" R. at 353, concerning "dismissal of this case," *id.* The court denied the motion for extension of time on March 17. Allen filed his notice of appeal on March 25.
>
> Under Fed. R. App. P. 4(a)(1)(A), Allen's notice of appeal was due no later than March 22, 2010 - thirty days from entry of the February 19 judgment dismissing the case. Because the notice was not filed until March 25, we issued an order directing Allen to show cause why his appeal should not be dismissed as untimely, and afforded him the opportunity to demonstrate compliance with the prison mailbox rule. **In his response, Allen never mentioned the prison mailbox rule, but instead explained that he did not have an "opportunity to read and respond to the district court's February 19[] 2010 judgment," Aplt. Resp. at 1, until March 9, at which time he filed the motion to extend the time for filing a motion for reconsideration. He asked that his untimely notice of appeal be excused on the grounds that "I sent [my] 'Notice of Appeal' to [the] district court once my motion for extension was denied. I felt it reasonable to wait to see if [the] motion would be granted prior to filing appeal notice."** *Id.* at 2.

plaintiff seeks that amount from Filis, plus all other costs incurred. He also seeks $20,000 in compensatory and $1,000 in punitive damages "for the unjustifiable failure to simply copy the papers." (Docket No. 55 at 3). Plaintiff specifically does not make a claim for mental or emotional injury and also notes that he did not suffer physical pain.

In their Response (Docket No. 57), the defendants assert the following. Plaintiff's original allegations concern alleged deprivation of a multitude of civil rights by the defendants between July 2009 and January 2010 while he was incarcerated at Limon Correctional Facility ("LCF"). Plaintiff's proposed amendment, however, concerns action allegedly taken after that time period (in March 2010) by a new defendant at a different correctional facility (SCCF). Furthermore, plaintiff's motion is untimely because it was filed past the May 16, 2011, deadline set in the Scheduling Order, and plaintiff fails to present good cause for extending the deadline for amending. In addition, the

---

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). "In a civil case . . . the notice of appeal . . . must be filed with the district court within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). The judgment from which Allen appealed was entered on February 19, 2010, and his notice of appeal was due no later than March 22. Allen's status as a pro se litigant does not excuse the untimely filing because "[w]hile we of course liberally construe *pro se* pleadings, an appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil Appellate Procedure." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). Because Allen did not file his notice of appeal until March 25, this court lacks appellate jurisdiction over the district court's judgment dismissing the case. . . .

(Docket No. 190 in Civil Action No. 07-cv-01224-CMA-MJW) (footnotes omitted) (emphasis added).

facts serving as a basis for seeking leave to amend were known to plaintiff well before the filing of his Complaint on September 9, 2010. Adding a new defendant at this late stage of the proceedings would inevitably delay the case. Service would have to be effected on the new party, who would need an opportunity to conduct discovery of plaintiff's claims against her, which would require the entry of another scheduling order to allow the new defendant sufficient time to conduct written discovery and depositions, if necessary.

As noted by the defendants, the deadline for amendment of pleadings was May 16, 2011. (See Docket No. 37 at 6). Over one month after that deadline, plaintiff filed the instant motion. (Docket No. 55, dated June 19, 2011, and filed June 24, 2011). Since the plaintiff's motion to amend was made after the deadline for amendment of pleadings, the following analysis should be applied in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

6

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted). The second step is consideration of whether the plaintiff has satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a): "Rule 15(a) provides that leave to amend 'shall be freely given when justice so requires.' Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Id. at 669 (citation omitted).

This court finds that the plaintiff has not satisfied the first step in the analysis because he has not established good cause to extend the deadline within which he may seek leave to amend the complaint. As correctly noted by the defendants, the actions alleged in the tendered amendment allegedly took place in March 2010, which was months before this action was commenced in late August 2010. Plaintiff could have readily included this proposed claim in his original pleading or at the very least before the deadline for amendment of pleadings. The court takes judicial notice of the fact that the Tenth Circuit's denial of plaintiff's appeal in Civil Action No. 07-cv-01224-CMA-MJW was dated November 4, 2010, more than six months before the deadline for amendment of pleadings here. Therefore, plaintiff had knowledge of any purported injury by Filis's alleged actions well before the May 16, 2011, scheduling order deadline. Plaintiff has made no showing that the scheduling order deadline could not have been met despite his diligent efforts.

**WHEREFORE,** for the foregoing reasons, it is hereby

7

**RECOMMENDED** that the plaintiff's Motion to Amend Claim Five and Add a Defendant (Docket No. 55) be **denied**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives** *de novo* **review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  July 13, 2011                                s/ Michael J. Watanabe
         Denver, Colorado                           Michael J. Watanabe
                                                    United States Magistrate Judge