IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02207-CMA-MJW

SHAWN D. ALLEN,

Plaintiff,

v.

N. ALLEN,
C. FLORY,
A. COSNER,
K. NORDELL,
A. MEDINA,
K. SOKOL, and
C. TUTTLE,

Defendants.

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

     It is hereby **ORDERED** that the Defendants' Motion for a Protective Order Regarding Discovery **(Docket No. 84)** is **granted** as set forth below. The court notes that pursuant to D.C.COLO.LCivR 7.1(C), "'[n]othing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."

     Pursuant to the Scheduling Order entered by this court on March 8, 2011 (Docket No. 37), "Plaintiff shall have 25 interrogatories, 25 requests for production and 25 requests for admission." (Docket No. 37 at 9). In addition, in the Courtroom Minutes/Minute Order issued right after the Scheduling Conference, this court ordered, "Each **side** shall be limited to twenty-five (25) Interrogatories, twenty five (25) Requests for Production, and twenty-five (25) Requests for Admission, without leave of court." (Docket No. 36 at 2) (emphasis added). A copy of the Scheduling Order and the Courtroom Minutes/Minute Order was sent to the plaintiff. Despite that clear language, plaintiff propounded a total of 135 interrogatories, 66 requests for production, and 119 requests for admission. (See Docket Nos. 84-1, 84-2, 84-3). In a Notice of Motion to Compel Discovery that plaintiff sent to defense counsel (Docket No. 84-4), plaintiff asserts that "Defendants [sic] refuse to answer my timely discovery request asserting that I am to divide the 25 request amongst the 7 defendants in this civil action - preposurous [sic] . . . . No where does it state I am not permitted by the U.S. courts local rules or Fed. R. Civ. P to seek 25 discovery request from each defendant. " Such

2

an assertion, however, is belied by the Scheduling Order, the Courtroom Minutes/Minute Order, and Fed. R. Civ. P. 26(b)(2)(A) ("By order, the court may alter the limits in these rules on the number of depositions and interrogatories . . . .").

The court further notes that in his Notice of Motion to Compel Discovery (Docket No. 84-4), plaintiff states that his "deposition is on hold until this matter is resolved." This court, however, has ordered that "[a]ll depositions including the experts shall be completed by October 14, 2011." (Docket No. 37 at 7; see also Docket No. 37 at 2 ["All depositions, fact and expert witnesses, shall be completed no later than OCTOBER 14, 2011."]). Defendants note in the instant motion that plaintiff's deposition is currently scheduled for October 13, 2011. (Docket No. 84 at 2).

Based on the foregoing, it is further **ORDERED** that on or before October 17, 2011, plaintiff shall resubmit only twenty-five (25) interrogatories, twenty-five (25) requests for production of documents, and twenty-five (25) requests for admission to defendants in total (not to each defendant) or instruct defendants which twenty-five interrogatories, documents, and admissions plaintiff would like answered from those already submitted. It is further

**ORDERED** that the plaintiff's deposition shall proceed as scheduled on October 13, 2011. Plaintiff's failure to proceed with that noticed deposition may very well result in the imposition of sanctions, which could include a recommendation to Judge Arguello that this action be dismissed with prejudice. Furthermore, plaintiff is cautioned that any threatening communications to defendants and defense counsel could very well also result in the imposition of sanctions, which could include a recommendation to Judge Arguello that this action be dismissed with prejudice.

Date: September 30, 2011